IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADRIAN THADDEUS WILSON, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-226-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institution Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Adrian Thaddeus Wilson, TDCJ # 1207116, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On November 19, 2003, a jury found Wilson guilty of aggravated robbery with a deadly

weapon in the 371st District Court, Case No. 0884780D, of Tarrant County, Texas, and, on November 20, 2003, the trial court assessed his sentence at fifty-five years' confinement. (State Habeas R. at 97.) On November 4, 2004, the Second District Court of Appeals of Texas affirmed the trial court's judgment. *Wilson v. Texas*, 151 S.W.3d 694 (Tex. App.–Fort Worth 2004). Thereafter, on May 4, 2005, the Texas Court of Criminal Appeals refused Wilson's petition for discretionary review. *Wilson v. Texas*, PDR No. 103-05. Wilson did not seek writ of certiorari. (Federal Petition at 3.) On September 20, 2005, Wilson filed an application for writ of habeas corpus in state court, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on May 24, 2006. *Ex parte Wilson*, Application No. 64,738-01, at cover. Wilson filed this federal petition for writ of habeas corpus challenging his conviction on April 6, 2007.[1] As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Wilson did not timely reply.

D. STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] A pro se habeas petition is generally filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Wilson does not indicate in the petition the date he placed the petition in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of April 6, 2007, and the prison mail records reflect it was sent by prison authorities on that date. (Resp't Preliminary Resp., Exhibit C.) Thus, for purposes of this proceeding, Wilson's petition is deemed filed on April 6, 2007.

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, Wilson's conviction became final and the one-year limitations period began to run upon expiration of the time that Wilson had for seeking certiorari in the United States Supreme Court on August 2, 2005, and closed on August 2, 2006, absent any tolling. *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1.

---

[2]There are no allegations that the state imposed an unconstitutional impediment to the filing of Wilson's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Wilson's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

Under the statutory tolling provision, Wilson's state habeas application tolled the limitations period for 246 days, making his petition due on or before April 5, 2007. 28 U.S.C. § 2254(d)(2). Equitable tolling is available only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Wilson has asserted no justification for his failure to timely file his federal habeas corpus petition, and the record reveals none. Thus, equitable tolling is not warranted in this case.

Wilson's federal petition was due on or before April 5, 2007. His petition, filed on April 6, 2007, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Wilson's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 20, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 20, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 30, 2007.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE