U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 14 2007

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADRIAN THADDEUS WILSON, | § | |
| Petitioner, | § | |
| VS. | § | NO. 4:07-CV-226-A |
| NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § | |
| Respondent. | § | |

## O R D E R

Came on for consideration the above-captioned action wherein Adrian Thaddeus Wilson is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On July 30, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation (hereinafter, "Findings"), and ordered that petitioner file objections, if any thereto, by August 20, 2007. On August 9, 2007, petitioner filed his objections to the Findings (hereinafter, "Objections"). On September 13, 2007, respondent filed a response to petitioner's objections (hereinafter, "Response").

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is

made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Petitioner makes two objections. First, he asserts that he delivered his habeas petition to the mail room on April 5, 2007, which would have been within the limitations period. Petitioner neglected to fill in the date on his petition. The envelope in which the petition was mailed was stamped April 6, 2007. The mail log submitted by respondent indicates that the earliest date a piece of mail was placed in the prison mailing system addressed to this court by petitioner was April 6, 2007. Having considered the Objections and Response, the court concludes that petitioner placed his petition for writ of habeas corpus in the prison mailing system on April 6, 2007, which was beyond the limitations period.

Petitioner also asserts that he was unable to timely file his habeas petition because "[t]he Clements unit where the petitioner is being housed went on lockdown" during the months of February and March, disallowing petitioner access to the law library and the opportunity to complete his petition. Objections at 1. Respondent notes that prisoners are allowed access to law library materials when the prison is locked down. Even if petitioner had not been allowed access to law library materials during the lockdown period, this fact would not toll the statute of limitations. See Akins v. United States, 204 F.3d 1086, 1089-

90 (11th Cir. 2000) (holding that prison lockdown and misplaced legal papers did not present extraordinary circumstances as would warrant equitable tolling of the habeas petition statute of limitations).

Therefore,

The court accepts the findings, conclusions and recommendation of the Magistrate Judge and ORDERS that the petition of Adrian Thaddeus Wilson for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice.

SIGNED September 14, 2007.

JOHN McBRYDE
United States District Judge